Dear Speaker, Benson
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
Is a rural electric cooperative created pursuant to 18 O.S.1991, §§ 437-437.29, subject to ad valorem taxes on pipelinesconstructed, manufactured, owned and operated by the cooperativefor generating electricity?
¶ 1 Rural electric cooperatives are "[c]ooperative, nonprofit, membership corporations" organized under the Oklahoma Rural Electric Cooperative Act ("the Act"). See 18 O.S. 1991, §437.1[18-437.1]. Under the Act, RECs were conceived "for the purpose of supplying electric energy and promoting and extending the use thereof in rural areas." Id. RECs are given broad powers under the Act, including the authority "[t]o do and perform any and other acts and things, and to have and exercise any and all other powers which may be necessary, convenient or appropriate to accomplish the purpose for which the cooperative is organized."Id. § 437.2(n). You ask, in effect, the extent to which property of cooperatives formed under the Act is subject to ad valorem taxes.
¶ 2 Any analysis of ad valorem taxation begins with the basic proposition that all property in this State, except that which is specifically exempt by law, is subject to ad valorem tax. See68 O.S. 1991, § 2804[68-2804]. Sections 1801 through 1807 of Title 68 provide for the classification and taxation of rural electric cooperatives. Section 1803 imposes a two per cent (2%) gross receipts tax which is "in full and in lieu of" any and all other taxes imposed on the property of the cooperative. Section 1803 provides:
 There is hereby levied on each Co-operative an annual tax which shall equal two percentum (2%) of the gross receipts derived by it from the sale and distribution of electric energy during the calendar year. The tax hereby levied shall be payable monthly according to, and as and when the statements shall be made as required in Section 2 of this act. The tax so levied or so imposed shall, when paid as herein provided, be in full and in lieu of any and all other taxes imposed by the State, counties, cities, towns, townships, school district, and other municipalities or political subdivisions of the State on the property of each such co-operative.
Id. (footnote omitted).
¶ 3 Section 1803 provides cooperatives a broad exemption from taxation "on the property" by payment of the two per cent (2%) gross receipts tax. Id. The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in a statute. See Wal-Mart Stores, Inc. v. Switch, 878 P.2d 357,359 (Okla. 1994) (citation omitted). In addition, it is also firmly established that tax statutes must be strictly construed against the State. See Strelecki v. Oklahoma Tax Comm'n,872 P.2d 910, 920 (Okla. 1993). Any ambiguity or doubt as to a tax statute's meaning must be resolved in favor of the taxpayer. Seeid. Applying these rules of statutory construction leads to the conclusion that when the two per cent (2%) gross receipts tax is paid as provided in 68 O.S. 1991, § 1803[68-1803], no other tax may be imposed by the entities named in Section 1803 (including counties) on the property of a cooperative. For purposes of 68O.S. 1991, §§ 1801-1807, the term "property" is broadly defined. Section 1804 of Title 68 provides:
 For the purposes of this Act "property" shall include any and all property, tangible and intangible, real, personal, and/or mixed, used or intended for use, in generation, transmission and distribution of electric energy, and for the operation and maintenance of such rural electric co-operatives, hereinabove classified, for the taxable year 1943, and subsequent years.
Id. (footnote omitted).
¶ 4 Where legislation defines a term, that definition is binding. See City of Tulsa v. State ex rel. Pub. EmployeesRelations Bd., 967 P.2d 1214, 1220 (Okla. 1998) (citation omitted). Section 1803 imposed an "in lieu" tax on the gross receipts derived from the sale and distribution of electric energy. When coupled with the definition of property found in Section 1804, these provisions illustrate a legislative intent that the gross receipts tax exempts cooperatives from all other taxes on property used or intended for use in the generation, transmission or distribution of electric energy. This would include an ad valorem tax on the property of a cooperative. By the enactment of Section 1803, the Legislature carved out an exception to the general rule that all property in the State is subject to ad valorem taxation.
¶ 5 It is, therefore, the official Opinion of the AttorneyGeneral that:
 Rural electric cooperatives formed pursuant to the provisionsof 18 O.S. 1991, §§ 437-437.29, are not subject to advalorem taxes on the property of the cooperative used, orintended for use, in the generation, transmission anddistribution of electric energy. Therefore, to the extent anypipeline property is so used or intended for use, it is exemptfrom ad valorem taxation. Whether any particular property is soused or intended for use is a fact question that cannot beanswered by an Opinion of the Attorney General. See 74 O.S.Supp. 1999, § 18b(A)(5).
W.A. "DREW" EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
DOUGLAS F. PRICE ASSISTANT ATTORNEY GENERAL